Opinion of January 8, 2004, Withdrawn, Dismissed and Corrected
Memorandum Opinion filed September 10, 2004









Opinion of January 8, 2004, Withdrawn, Dismissed and
Corrected Memorandum Opinion filed September 10, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00602-CV

____________

 

MARY ANN DEMARS and ROBERT DEMARS, Appellants

 

V.

 

CHIA-SU CHOU and TEH-WEH CHOU, Appellees

 



 

On Appeal from the County Court at
Law No. 4

Fort Bend County,
Texas

Trial Court Cause No.
20224

 



 

C O R R E C T E D   M E
M O R A N D U M  O P I N I O N

This is an appeal from a judgment signed February 4,
2003.  No clerk=s record has been filed.  The clerk responsible for preparing the
record in this appeal informed the court appellant did not make arrangements to
pay for the record.  








On August 15, 2003, notification was transmitted to all
parties of the Court's intent to dismiss the appeal for want of prosecution
unless, within fifteen days, appellant paid or made arrangements to pay for the
record and provided this court with proof of payment.  See Tex.
R. App. P. 37.3(b). On August 27, 2003, appellants notified this court
that they had filed affidavits of indigence in the trial court.  On October 9, 2003, this court issued an
order directing the Harris County Clerk to file a supplemental clerk=s record containing appellant=s affidavit of indigence, and any
other documents or orders pertaining to the affidavit of indigence.  On November 25, 2003, the supplemental clerk=s record was filed.  This record reveals that appellants filed an
affidavit of indigence in the justice court in Fort Bend County on May 29, 2001.  No other affidavit of indigence has been
filed.

A party who cannot pay the costs in an appellate court may
proceed without advance payment of costs if the party files an affidavit of
indigence in compliance with Rule 20.1.  Tex. R. App. P. 20.1(a).  The affidavit of indigence for appeal must be
filed in the trial court with or before the notice of appeal.  Id. at 20.1(c)(1).  Appellants filed their notice of appeal on
March 10, 2003.  However, the record
reflects that no affidavit of indigence was filed with or before the notice of
appeal.  Although appellants filed an
affidavit to proceed in the justice court without payment of costs, appellants
have not filed an affidavit of indigence to proceed without payment of costs in
the appellate court.  

Because appellants have not complied with the Rule 20.1
requirements for proceeding on appeal without payment of costs, appellants are
responsible for paying for the record. Appellants have not made arrangements to
pay for the clerk=s record.  Accordingly,
the appeal is ordered dismissed.[1]

 

PER CURIAM

Judgment rendered and Corrected
Memorandum Opinion filed September 10, 2004.

Panel consists of Justices Yates,
Hudson, and Fowler.

 











[1]  Having found a
clerical error in the opinion and judgment of January 8, 2004, we withdraw the
opinion of January 8, 2004, and issue this corrected opinion and nunc pro tunc
judgment.